MANRIQUE, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

Nos. 591 y 592.—*Sometidos:* Abril 24, 1924. *Resueltos:* Julio 12, 1924.

EJECUCIÓN DE HIPOTECAS—ACUMULACIÓN DE ACCIONES EJECUTIVO-HIPOTECARIAS.
—Son aplicables a la ejecución de hipotecas, las reglas del enjuiciamiento civil sobre acumulación de acciones. Siendo ello así, no es nulo un procedimiento hipotecario en el cual el acreedor, dueño de dos créditos hipotecarios vencidos constituidos por el mismo deudor, el primero sobre las fincas A y B y el segundo sobre las fincas A y C, pide a la vez su cobro; ni menos aquél en que un acreedor ejecuta conjuntamente dos hipotecas vencidas constituidas por el mismo deudor sobre una sola finca.

NOTA de *R. B. Pérez Mercado,* R. (Guayama), denegando inscripción de escritura de venta judicial. *Revocadas en cuanto a los defectos insubsanables y confirmadas en los demás.*

*A. L. López,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Presentadas para su inscripción en el Registro de la Propiedad de Guayama las escrituras públicas números 25 y 26, otorgadas el 6 de febrero de 1924, el registrador negó la inscripción solicitada por los siguientes motivos:

Porque de los mismos documentos aparece una indebida acumulación de acciones y porque los edictos anunciando la subasta no se publicaron de acuerdo con la ley. Anotó además el registrador los defectos subsanables de no transcribirse en la escritura o acompañarse a la misma copias certificadas de la orden de ejecución, orden de requerimiento, edictos y prueba de su publicación y acta de subasta.

Cuanto se ha dicho en la opinión emitida en el día de hoy para fundar la resolución de la corte en el recurso gubernativo núm. 590, en relación con la publicación de los edictos y con los defectos subsanables, es aplicable y se aplica para resolver dichas cuestiones levantadas por el registrador en sus notas puestas al pie de las indicadas escrituras números 25 y 26.

Examinaremos ahora la única cuestión nueva envuelta en los recursos: la acumulación.

De la escritura número 25 consta que se ejecutaron en un solo procedimiento dos hipotecas, una por mil dólares sobre las fincas que designaremos con las letras A y B y otra por novecientos impuesta sobre las fincas A y C, siendo Cipriano Manrique el dueño de los dos créditos y los esposos Belpré–Torrens los deudores dueños de las tres fincas.

Y de la escritura número 26 aparece que se ejecutaron en un solo procedimiento dos hipotecas que pesaban sobre una sola finca, siendo Manrique el dueño de las hipotecas y doña Elena Eufrasia Ajenjo la deudora dueña de la finca hipotecada.

Para sostener su criterio en contra de la calificación del Registrador, invoca el recurrente el artículo 176 del Reglamento Hipotecario que dice, en su segundo y último párrafo: "Las disposiciones de la Ley de Enjuiciamiento Civil vigente en Cuba, Puerto Rico y Filipinas, serán aplicables a estos procedimientos como supletorias en cuanto no se opongan a lo prescrito en la Hipotecaria o en el presente reglamento." Y sostiene que pudiendo acumularse acciones de acuerdo con los preceptos de la Ley de Enjuiciamiento Civil, pueden también acumularse las que tienen por objeto el cobro de créditos hipotecarios entre las mismas partes, ya que nada en contrario dispone la ley especial sobre la materia.

Ni el recurrente ni el registrador citan jurisprudencia directamente aplicable, ni opiniones de comentaristas en pro o en contra. El registrador en un alegato supletorio insiste en que "aun en la hipótesis de que el criterio del recurrente en relación con la acumulación fuera aceptable, nunca podrá serlo en el caso a que se refiere la escritura No. 25, recurso No. 591, pues el efecto en este caso es el de hacer responsables de las hipotecas acumuladas todas las fincas ejecutadas, cuando en realidad, algunas de ellas no están gravadas por ambos créditos."

No vemos que exista una verdadera razón de peso con-

traria a la acumulación. La práctica está en armonía tanto con los preceptos de la antigua Ley de Enjuiciamiento Civil, como con los del vigente Código, y no creemos que con ello se ocasione perjuicio al deudor, si todos los trámites se cumplen debidamente. Podría decirse que quizá se obtendría un mejor precio anunciando el remate de cada finca aisladamente, pero el hecho de que se ejecuten las hipotecas en un solo procedimiento no quiere decir que el remate de cada finca deje de ser aislado. Quizá el hecho de anunciarse el remate de varias fincas para el mismo día sea beneficioso porque atraiga mayor número de postores. Además, en el caso de seguirse procedimientos separados, tratándose como se trata del mismo acreedor y de los mismos deudores, lógico es pensar que todo hubiera seguido un curso igual con la única diferencia de haberse radicado cuatro procedimientos en vez de dos. El único perjudicado sería quizá el Pueblo de Puerto Rico que percibió menos derechos, pero esta circunstancia se compensa con el interés que el propio pueblo tiene en simplificar los procedimientos judiciales.

*Debe revocarse la nota recurrida* en cuanto a los defectos insubsanables y *confirmarse* en cuanto a los subsanables en ella apuntados.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.